**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darren Jenard McCORMICK, Defendant–Appellant.**

**No. 15–13821 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 26, 2016.

Lindsay Feinberg, Julia C. Bowen, Michael J. Moore, U.S. Attorney, U.S. Attorney's Office, Macon, GA, Leah E. McEwen, U.S. Attorney's Office, Albany, GA, for Plaintiff–Appellee.

John Gee Edwards, Law Office of John Gee Edwards, Valdosta, GA, for Defendant–Appellant.

Before JORDAN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Darren McCormick appeals his 24–month sentence imposed upon revocation of his supervised release. McCormick contends that his above-guidelines sentence procedurally and substantively is unreasonable. No reversible error has been shown; we affirm.

In 2007, McCormick pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). McCormick was sentenced to 108 months' imprisonment (which was later reduced to 78 months) followed by 5 years' supervised release. McCormick's term of supervised release began in March 2012.

In April 2014, a probation officer petitioned the district court to revoke McCormick's supervised release. The petition charged McCormick with 18 violations including, among other things, possession of cocaine and marijuana, testing positive for marijuana, possession of a firearm by a convicted felon, obstructing an officer, attempted arson, battery, false imprisonment, criminal trespass, and theft of an automobile. At the revocation hearing, McCormick admitted to one violation: possession of cocaine. Based on this violation, McCormick was subject to mandatory revocation of his supervised release. See 18 U.S.C. § 3583(g)(1) (mandating revocation of supervised release when a defendant possesses a controlled substance in violation of the conditions of supervised release).

The district court calculated the advisory guidelines range of 12 to 18 months'

imprisonment based on McCormick's original sentencing criminal history score of I and commission of a Grade A supervision violation. *See* U.S.S.G. §§ 7B1.1(a)(1), 7B1.4(a). The district court then decided to vary up and sentenced McCormick to 24 months' imprisonment.

McCormick contends that his sentence is procedurally and substantively unreasonable because the district court (1) failed to explain adequately the chosen sentence; (2) gave improper weight to the 18 U.S.C. § 3553(a) factors; and (3) relied improperly on disputed testimony about McCormick's lack of cooperation while on supervised release.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez,* 524 F.3d 1248, 1252 (11th Cir. 2008). When reviewing for reasonableness, we apply a deferential abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) (in the context of original criminal sentencing). We "must first ensure that the district court committed no significant procedural error" such as "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

If a sentence is procedurally sound, we then evaluate whether the sentence is substantively reasonable in the light of the totality of the circumstances. *Id.* We may consider the extent of an upward variance, but "must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." *Id.* The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. *United States v. Talley,* 431 F.3d 784, 788 (11th Cir.2005).

McCormick's 24–month sentence is both procedurally and substantively reasonable. The district court calculated properly the advisory guidelines range. After considering the guidelines range and the Chapter 7 policy statements, the district court concluded that a guidelines sentence would be "inadequate" and decided to vary up by six months. The resulting 24–month sentence is well within the statutory maximum sentence of 3 years. *See* 18 U.S.C. § 3583(e)(3).

The court explained that an above-guidelines sentence was necessary, among other things, to afford adequate deterrence and to protect the public from further crimes committed by McCormick. *See* 18 U.S.C. § 3553(a)(2)(B), (C). On this record, the district court stated sufficient reasons for imposing an upward variance. *See .United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir.2005) (nothing "requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.").

Some conflict exists on the record about McCormick's level of cooperation while on supervised release. At the sentencing hearing, McCormick's probation officer testified that McCormick was uncooperative while on supervised release and failed repeatedly to comply with the probation officer's instructions. In response, McCormick denied generally the probation officer's allegations and testified that he had attended the classes required of him.

We do not know from the record the extent to which—if at all—the district court relied on the probation officer's testimony in applying an upward variance. But even if we assume that the district

court considered the probation officer's testimony in determining McCormick's sentence, we see no abuse of discretion. The district court, as the fact-finder, was in the best position to make a credibility determination about whose testimony to believe. *See United States v. Ramirez–Chilel,* 289 F.3d 744, 749 (11th Cir.2002). Because the probation officer's testimony was not *"exceedingly* improbable" or "unbelievable," we defer to the district court's decision—if a decision was made—to credit the probation officer over McCormick. *See id.*

Further, the district court's stated reasons are supported by the totality of the circumstances and the section 3553(a) factors. McCormick admitted that, less than a year and a half after completing his 78–month sentence for possession of cocaine, he possessed cocaine once again. Under these circumstances, the district court abused no discretion in determining that an above-guidelines sentence was necessary both to deter McCormick from committing future crimes and to protect the public. The weight to be afforded any given section 3553(a) factor "is a matter committed to the sound discretion of the district court." *United States v. Williams,* 526 F.3d 1312, 1322 (11th Cir.2008).

AFFIRMED.